UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT W RECORD, | Case No. 1:25-cv-517-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| SEAN STANDLEY, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant Sean Standley's Motion to Dismiss for Insufficient Service of Process (Dkt. 4). For the reasons explained below, the Court will grant the motion.

## BACKGROUND

Plaintiff Scott Record brought this civil rights action against Defendant Sean Standley on September 8, 2025. *See Compl.*, Dkt. 1. Upon receiving notice of an attempted service of process, Standley went to the Twin Falls Sheriff's Office to pick up the summons. *Mot. to Dismiss*, Dkt. 4. He noticed that the summons did not include the complaint, and upon speaking with someone at the front desk of the Sheriff's Office, learned that the Sheriff's Office had not been provided with any other documents. *Id.*

MEMORANDUM DECISION AND ORDER - 1

On January 22, 2025, Standley moved to dismiss Record's complaint. *Id.* Standley argued that Record failed to serve him with sufficient process by delivering the summons without a copy of the complaint. *Id.* Record responded that he should be granted an extension for service on the basis of his recent international travel. *Opp. Mot. to Dismiss*, Dkt. 13.

## LEGAL STANDARD

A federal court does not have jurisdiction over a case until a defendant is properly served with process under Federal Rule of Civil Procedure 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). That rule provides that within 90 days of filing a complaint, a summons must be served on the defendant with a copy of the complaint. Fed. R. Civ. P. 4(c)(1), (m). The court may dismiss a complaint if a plaintiff does not comply with these requirements. Fed. R. Civ. P. 12(b)(4).

The plaintiff must also serve the defendant by the proper method. As pertinent here, the plaintiff must serve the defendant by delivering a copy of the summons and complaint "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(c). And the court may dismiss a complaint if the plaintiff fails to follow this procedure. Fed. R. Civ. P. 12(b)(5). The plaintiff has the burden of establishing valid service of process. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

MEMORANDUM DECISION AND ORDER - 2

When a plaintiff moves for an extension of time to perfect service, the court must grant it if the plaintiff shows good cause to do so. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). The good cause exception however only applies "in limited circumstances, and inadvertent error or ignorance of governing rules alone will not excuse a litigant's failure to effect timely service." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992) (overruled on other grounds). In the absence of good cause, the court can still grant the motion, if, for example, the statute of limitations would bar refiling of the complaint. *John v. Bingham Cnty.*, 2009 WL 3788897, at *1 (D. Idaho Nov. 9, 2009).

## ANALYSIS

To begin, Record did not comply with the requirements of Fed. R. Civ. P. 4. Standley asserts that Record failed to deliver a copy of the complaint along with the summons, and Record does not contest this. *See Opp. To Mot. to Dismiss*, Dkt. 13. Thus, Record has failed to meet his burden to show the documentation he attempted to serve was adequate under Fed. R. Civ. P. 4(c)(1).

Record seeks an extension of time under Rule 4(m) to properly serve Standley. Here, the complaint was filed on September 8, 2025. Dkt. 1. The ninety-day period mandated by Rule 4(m) begins to run from the date of filing of the original complaint. *See, e.g.*, *Mann v. Am. Airlines*, 324 F.3d 1088, 1089–91 (9th Cir. 2003). The deadline set by Rule 4(m) for service of the complaint was

MEMORANDUM DECISION AND ORDER - 3

therefore December 7, 2025. Record argues that good cause exists for an extension because (1) he is proceeding pro se and made a good faith effort to serve Standley; and (2) despite his insufficient service, Standley still had notice of this lawsuit. *Opp. to Mot. to Dismiss*, Dkt. 13.

As an initial matter, neither pro se status nor ignorance of the requirements constitutes good cause. *See Peterson v. Gunderson*, 2024 WL 4930598, at *1 (D. Idaho Dec. 2, 2024) (cleaned up) ("pro se litigants must follow the same rules of procedure that govern other litigants"); *Hamilton*, 981 F.2d at 1065 (noting the good cause exception applies only "in limited circumstances, and inadvertent error or ignorance of governing rules alone will not excuse a litigant's failure to effect timely service"). Further, Record's international travel plans do not excuse the missed court deadlines, particularly since the motion to dismiss was filed before his departure. Thus, Record's first argument is unconvincing.

Turning to Record's second argument, the Court could nevertheless grant Record an extension in the absence of good cause if, for example, Standley had actual notice of the complaint, and the statute of limitations might prevent Record from refiling it. Advisory Committee Note (1993), Fed. R. Civ. P. 4(m). While Record is correct that Standley did have actual notice of the complaint, there is no statute of limitations issue. In other words, if the Court dismisses the complaint, Record is free to refile because the statute of limitations is two years and will not

run until February 2027. *See Ford v. Rawlinson*, 2012 WL 3782455, at *9 (D. Idaho Aug. 30, 2012) (noting that the statute of limitations for § 1983 claims in Idaho is two years).

Thus, the Court denies Record's request to extend time for him to perfect service and grants Standley's motion to dismiss Record's complaint without prejudice. *See Arledge v. Boise City Att'y*, 2021 WL 4443321, at *3 (D. Idaho Sept. 28, 2021) ("[D]eficiencies in process and service of process are sufficient grounds to grant [the] Motion to Dismiss under Rules 12(b)(4)-(5)").

## ORDER

**IT IS ORDERED that:**

1.  Defendant Sean Standley's Motion to Dismiss (Dkt. 4) is **GRANTED**. This action is hereby **DISMISSED WITHOUT PREJUDICE**.

2.  Plaintiff's Motion for Relief from Judgment (Dkt. 11) is **DENIED**.

3.  The Clerk of Court is directed to close this case.

DATED: June 1, 2026



B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5